# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE, | ) |
| | ) |
| v. | ) |
| | ) |
| FREDDY FLONNORY, | ) Cr. ID. No. 9707012190 |
| | ) |
| Defendant. | ) |

Submitted: June 15, 2016
Decided: August 19, 2016

Upon Defendant's Fourth Motion for Postconviction Relief
**SUMMARILY DISMISSED**

## ORDER

This 19th day of August, 2016, upon consideration of Defendant's Fourth Motion for Postconviction Relief, it appears to the Court that:

1.    On October 31, 1998, following a jury trial, Defendant Freddy Flonnory was found guilty of two counts of Murder First Degree, three counts of Possession of a Firearm During the Commission of a Felony, Attempted Murder First Degree, Conspiracy First Degree, and Possession of a Deadly Weapon by a Person Prohibited. Defendant was sentenced to death.

2.    On August 14, 2001, the Delaware Supreme Court reversed the conviction and remanded the case to the Superior Court for a new trial. A second trial was held in 2004. On February 2, 2004, following a jury trial, Defendant was

found guilty of two counts of Murder First Degree, three counts of Possession of a Firearm During the Commission of a Felony, Attempted Murder First Degree, Conspiracy First Degree, and Possession of a Deadly Weapon by a Person Prohibited. Defendant was sentenced to life in prison. Defendant's conviction and sentence were upheld by the Delaware Supreme Court on February 1, 2006.

3.    On January 26, 2007, Defendant filed his first Motion for Postconviction Relief. By Opinion dated February 14, 2008, the Court denied Defendant's motion. On August 26, 2008, the Delaware Supreme Court affirmed the Superior Court decision. Defendant then sought a *writ of habeas corpus* in the United States District Court for the District of Delaware, which was denied on July 30, 2010.

4.    On March 13, 2013, Defendant filed his second Motion for Postconviction Relief. By Opinion dated May 15, 2013, the Court denied Defendant's motion. On July 6, 2013, Defendant filed an amended Motion for Postconviction Relief. Defendant also sought appointment of counsel, which was granted on July 18, 2013. On January 30, 2015, appointed counsel ("Rule 61 Counsel") filed a Motion to Withdraw as Counsel pursuant to Superior Court Criminal Rule 61(e)(2).[1] The motions were referred to a Superior Court Commissioner in accordance with 10 *Del. C.* § 512(b) and Rule 62 for proposed

---

[1] All "Rules" referred to hereinafter will be the Superior Court Criminal Rules.

findings of fact and conclusions of law. On March 24, 2015, the Commissioner issued the Report and Recommendation, recommending that Defendant's Motion for Postconviction Relief be denied, and that Counsel's Motion to Withdraw be granted. On June 4, 2015, the Superior Court issued an Order adopting the Commissioner's Report and Recommendation.

5. Now before the Court is Defendant's fourth Motion for Postconviction Relief, filed on June 15, 2016. Defendant asserts claims of ineffective assistance of counsel and conflict of interest against Rule 61 Counsel. Defendant argues that Rule 61 Counsel's association with the Office of Defense Services "divided counsel's loyalties." Defendant also argues that Rule 61 Counsel's representation fell below an objective standard of reasonableness because he failed to argue that Defendant's out-of-court statement was not properly admitted at trial under Section 3507 of Title 11 of the Delaware Code.

6. Defendant's fourth Motion for Postconviction Relief is governed by Rule 61. Before addressing the merits of Defendant's motion, the Court must determine if any procedural bars exist that would prevent the Court from considering the Motion. Pursuant to Rule 61(i), a motion for postconviction relief can be procedurally barred if the motion is untimely, repetitive, a procedural default exists, or if the claim has been formerly adjudicated. If a procedural bar exists, the Court will not consider the merits of Defendant's motion unless

3

Defendant can demonstrate that an exception under Rule 61(i)(5) exists. Rule 61(i)(5) provides that procedural bars can be overcome if Defendant:

> (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or
>
> (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[2]

7. The Court finds that Defendant's claims are procedurally barred pursuant to Rule 61(i)(2). This is Defendant's fourth Motion for Postconviction Relief. Rule 61(i)(2) provides: "No second or subsequent motion is permitted under this rule unless that second or subsequent motion satisfies the pleading requirements of subparagraphs of (2)(i) or (2)(ii) of subdivision (d) of this rule. Defendant has not asserted that either exception applies.

**THEREFORE,** Defendant Freddy Flonnory's Motion for Postconviction Relief is hereby **SUMMARILY DISMISSED.**

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston

---

[2] Super. Ct. Crim. R. 61(d)(2)(i)–(ii).

4